### SPARKS v. McCREERY et al.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

1. INSURANCE—MUTUAL FIRE COMPANIES—ASSESSMENTS—SECRETARY'S MINUTES —EVIDENCE—EFFECT.

   Where an assessment levied by a mutual insurance company is sued for, and the only evidence of the levy of such assessment is an extract from the minutes of a meeting of the board of directors, which fail to show what policies the assessment related to, or during what years the losses occurred for the payment of which the assessment was levied, no recovery could be had, since there was no proof that, if any assessment had been voted, it was to pay losses within the life of defendants' policies, or losses on policies of the same class as defendants', for which defendants were liable.

2. SAME.

   Where mutual fire insurance policies obligated the holders to pay assessments made pursuant to the charter, the by-laws of the company, and the laws of Pennsylvania, a minute entry by the secretary showing the levy of such assessment pursuant to the charter, etc., was not sufficient, in an action to recover the assessment, to prove the valid levy thereof, since the directors' power to levy the assessment depended on the language of the charter and by-laws of the company and laws of the state, which must be proved.

3. SAME—BY-LAWS—CHANGE—EVIDENCE.

   Where a by-law attached to a mutual fire insurance policy, which was made a part of the contract, required the policy holder to pay within 30 days after notice such assessment as the directors deemed proper, in no case aggregating more than one annual premium, evidence of the secretary, in an action to recover an assessment, to the amount of which was three times the annual premium, on the policy, that the by-laws were all changed very shortly after the company started at the annual meeting of the members, but without stating what the change was, or whether it related to raising the limit of the assessments, was not sufficient to establish a change in the by-laws raising the limit of assessment from one to three years' premiums.

Appeal from trial term, Richmond county.

Action by Charles W. Sparks against J. Crawford McCreery and others to recover assessments on mutual insurance policies. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

David Murray, for appellant.

Eugene G. Kremer, for respondents.

GOODRICH, P. J. The plaintiff, assignee of the Fidelity Mutual Fire Insurance Company of Philadelphia, Pa., sues to recover assessments upon the defendants, as holders of two of the company's policies dated,—one, September 1, 1894, for one year, the premium being $105; and the other, December 31, 1894, for one year, the premium being $95. The policies were executed in Philadelphia. The second contained a provision that the assured, in addition to the stated premium of $95, would pay the company "such further sums, and at such times, as the board of directors shall assess and order pursuant to the charter, the by-laws, and laws of this state (Pennsylvania): providing such assessment shall not exceed three times the amount of annual premium paid." There is no similar provision in the first policy, but attached to it are the by-laws of the company. The record does not show that any were attached to the second policy, though each policy contained a provision that "special regulations [of the company] lawfully applicable to its organization, membership, policies, or contracts of insurance, * * * shall apply to and form a part of this policy as the same may be written or printed upon, attached, or appended hereto." One of the by-laws attached to the first policy was as follows:

"Art. 13. Within thirty days from date of notice each policy holder shall pay into the treasury of this company such assessment as the directors may deem proper, but in no case shall a policy holder be liable for assessments aggregating more than one annual premium. Failing to comply with this notice, the policy holders forfeit all benefits their policy may afford; and shall pay ten per cent. additional for cost of collection."

There is no specific proof of any change of by-laws increasing the limitation of assessment from one to three times the amount of the premium.

It is claimed that on July 16, 1897, the board of directors levied an assessment equal in amount to three annual premiums. The only evidence on this subject is an extract from the minutes of the meeting then held, which reads as follows:

"The secretary then submitted a list of certain losses, and suggested the imperative necessity of levying an assessment sufficient to put the company in funds to meet and pay them. After a general discussion, lasting some time, and having learned that the annual premiums on policies in force during the time the losses occurred amounted to $12,487.96, on motion, duly seconded, the secretary was directed to send out notices calling for an assessment of three annual premiums, amounting to $37,463.89. On the figures submitted by the secretary it was not believed that more than $20,000 would be realized from the assessment, and it would probably require all of this, and more, to liquidate the losses in process of adjustment and settlement and those in suit. The losses for which the assessment is levied amount to $30,790.95, and legal and adjusting expenses $1,703.90, or a total of $32,494.85. The secretary

was instructed to file the schedules of assessment as prepared by him, to-gether with all other papers regarding the assessment presented at the meeting."

This minute does not show what policies this assessment related to, or during what years the losses occurred for the payment of which the assessment was intended. Hence there is nothing to show that the assessment, if any was voted or actually levied, was made for losses within the life of the defendants' policies, or occurring on policies of the same class as the defendants' policies, or upon which the defendants were liable. Nor is there any other connection of liability of the holders of the policies in question with the assessment. In other words, there was an absolute failure of proof to connect the defendants with the assessment in question, or to establish any liability therefor. Moreover, the minute is not of itself evidence of the statements therein contained, which are essential to the plaintiff's right of recovery, viz. that the assessment was made "pursuant to the charter, the by-laws, and the laws of this state (Pennsylvania)." It cannot be successfully contended that the directors had power arbitrarily to lay an assessment. Their power to do that depended upon the language of the charter and by-laws, and they are not in evidence so as to enable us to decide the conditions under which an assessment could be levied, or whether or not an assessment was made in pursuance of the charter and by-laws. Nor is there evidence of any change in the by-laws sufficient to support the raising of the limit of assessment from one to three years' premiums. The only evidence which in any way relates to this subject is the testimony of the plaintiff, the secretary of the company, who merely said, "The by-laws were all changed very shortly after the company started, at the annual meeting of the members." What the change was, or whether it related to the raising of the limit, or to some other subject, does not appear. Under these circumstances the dismissal of the complaint was correct. There was an absolute failure to prove its allegations.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.